Turley, J.
delivered the opinion of the court.
Two questions arise for consideration in this case.
1. Is the transaction between complainant and defendant a morgage or a purchase, with liberty to repurchase.
By the common law, all estates which were created defea-sible by the payment of money on a particular day by the vendors, were held to be estates upon condition, and if the day appointed for the payment were suffered to elapse without its being made, the estate became absolute, because in estimation of the law, the estate was the thing contracted for, and the money collateral thereto. This principal was necessarily applied, as well .to cases where the estate was merely designed as security for a debt duo, as when the intention was to sell upon a condition of repurchase. This doctrine was so rigorous, and in its operation so frequently productive of the most intolerable injustice, that the courts of chancery, at an early period, experienced the necessity of adopting a different rule of construction, and therefore said, that in all cases when a pre-existing debt, or a loan made at the time of the purchase was the consideration of the deed of convey- *181 anee, they would consider the debt as the thing contracted for, and the estate as collateral thereto; by which, the right to-redeem, although the day of payment had elapsed, was secured to the vendor. Rut this rule of construction was only applied to cases where the estate was really intended as'security for the payment of money, and not to those, when there was no precedent debt and no loan of money, but an honest design to purchase the property with a condition of repurchase: they were left as at common law. Was this bill of sale intended as a security for the payment of a debt due, or for money lent at the time of its execution? This question must be answered either by the bill of sale or by the proof. The bill of sale contains no recital of the existence of a precedent debt or a loan of money as the consideration, but four hundred and fifty dollars in hand paid, the receipt of which is acknowledged fit is in the usual form, and passes the absolute interest in the slave, and is signed by the complainant. The condition thereto provides, that if the complainant shall pay to the defendant the said sum of four hundred and. fifty dollars mentioned in the bill of sale, by the 1st day of January, 1827, it shall be void. This condition is signed by the defendant, thereby clearly intimating that it was his contra: land not that of the complainant. It is not pretended, that in the bill of sale signed by the complainant there is any evidence of a pre-existing debt or loan at the time of the sale. Is it to be found in the condition signed by the defendants? Chancellor Kent says in the 4th volume of Commentaries, page 142, “in equity, the character cf the conveyance is determined by the clear and certain intention of the parties; and any agreement in the deed, or in a separate instrument showing that the parties intended the conveyance should operate as security for the re-payment of the money, will make it such, and give to the mortgagor a right of redemption.” What is there in this condition that shows that the parties so intended it? Is it the word pay? Surely not; for this is just as applicable to a condition of a repurchase, as to a mortgage. There is no acknowledgment of an existing debt or Joan; nothing from which either of them can be inferred, and no covenant for repayment of the purchase money; and although a *182 want of a covenant to repay the purchase money is not com-1 . . , , J evidence that a conditional sale was intended, yet chief ^ v justice Marshall, in the case of Conway’s Executor vs. Alexander, 7th Cranch, 237, “says, “it is a circumstance of no inconsiderable importance ” But it is contended that the word “pay,” amounts to a covenant, and that an action would lie upon it. This argument admits the necessity of the existence of a debt to constitute this transaction a mortgage, and that the mortgagee should have a remedy against the mortgagor; therefore, the existence of the debt is certainly not to be collected from the bill of sale or the condition; and the law is expressly laid down in 4th Kent’s Com. 445, to be, that a covenant for the payment of the money inserted in the mortgage must be express, for that no action will lie on the proviso or condition of the mortgage; and such is the opinion of the supreme court of the United States in the case before referred to, of Conway’s Executors vs. Alexander. But it is further contended, that is not necessary in order to make this a mortgage, that there should be either in the bill of sale or the condition a covenant of repayment; for which, the case of Lawley vs. Hooper, 3 Atkins, 278, is cited. This is unquestionably true, for it has long since been decided that a deed, absolute upon its face may be declared to be a mortgage upon parol proof, showing that such was the intention of the parties. It certainly is not contended, that this decision supports the position that a conveyance may be declared to be a mortgage, when there is no remedy for the debt against the debtor, that would indeed be to contradict all the authorities on this point. The case from Atkins, then, only proves that though it cannot be gathered from the face of the instrument that it is a mortgage, yet parol proof may be heard to show that it was intended as such.
From these considerations it is seen, that to make a deed of conveyance a mortgage upon its face, it must show that the consideration which supports it, was either a debt due or money lent at the time of its execution, or that it must contain an express covenant for the repayment thereof; this bill of sale and its condition shows neither of these things, therefore it is not a mortgage upon its face. Then the next inqui *183 fy is, does the parol proof show it to have been a conveyance made to secure the payment of money? Most certainly not, hut directly the contrary. The testimony of James P. Clark shows, that there was no debt due, nó loan of money; that the defendant expressly refused to have any condition for a repurchase if this was to make it a mortgage; that the complainant was informed of this objection; that the agreement was, that there should be a condition of repurchase, and that he was instructed so to prepare the contract by the parlies, and that he did so. There is no other testimony on this point, and of course there is no parol proof by which the sale can be converted into a mortgage. We are therefore of opinion, that this was a sale upon condition of repurchase.
The court is aware that sales of this character are watched with a jealous eye, because they may be used as a means of avoiding the statute of usury, and recognize the doctrine of Lord Chancellor Hardwicke, as established in the case of Lawley vs. Hooper, that whenever there is the least tincture of fraud or oppression these bargains will be relieved against. But in this case every thing appears fair and honest: an adequate price was paid for the negro, and no undue advantages sought or claimed by the vendee.
The second point in this case is, does the proof show that the complainant complied with the condition of repurchase, by the payment or tender 0/ payment, of the purchase money within the time prescribed? It is admitted in the answer, and is proved by a witness, that before the time of condition had expired, complainant procured Gleaves to go with him to the defendant, for the purpose of repaying the .money, and that they offered to do so, if he would make a bill of sale of the negroes» to Gleaves, which he refused to do, but expressed a willingness to receive his money, and reconvey to complainant, which was not acceeded to; so there was.no money paid, neither the proof or admission of defendant shows that there was an actual tender even upon condition of a conveyance to Gleaves. We are of opinion, that the defendant was not bound by the condition of the bill of sale to reconvey to any person except the complainant, and that he might well refuse to convey to another, as in every sale of a chattel, there is *184 an implied warranty of title, upon which defendant might possibly have been made liable. We are further of opinion, that in cases of sales upon condition of repurchase, the tender must be made with all the formalities required by law; at the right time, the right place, and to the right person, for inasmuch as the money is collateral to the property, and the' vendee hath no promise either express or implied for its payment, if he refuse to receive it upon a tender properly made, the condition is complied with and he has no remedy for its recovery. See Littleton, § 335, and Har. and Coke’s comments thereon. For these reasons we are of opinion,, that the decree of the circuit court be affirmed.
Decree affirmed.